■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE BENOIT, True Name GEORGE PATRICK BENOIT, Appellant.— Appeal from a judgment of the County Court, Queens County, convicting appellant of burglary in the third degree and petit larceny, and from the sentence imposed. About 3:00 A.M. on August 18, 1955, certain premises in Queens County were burglarized and two articles worth a total of $57 were stolen therefrom. At the trial this appellant and the defendant in *People* v. *Rodriquez* (*post*, p. 996) were identified as the two persons seen jumping from the roof in the rear of the burglarized premises and running away. The defense was an alibi. After the evidence had been concluded and the arguments made to the jury, court adjourned for the day. At the opening of court the next morning, and before the court charged the jury, defense counsel moved to reopen the case to introduce the testimony of appellant's brother and another (one Donahue), to the effect that they were the two persons who were seen running away from the scene of the crime. In addition, the attorney for Donahue joined in the application, advising the court that Donahue was willing to testify to the foregoing facts. The motion was denied on the grounds that the two proffered witnesses had been in a corridor outside the courtroom before the evidence had been concluded, that appellant's brother had been in the courtroom during the course of the defense, and that defense counsel had the opportunity to call these witnesses before the evidence had been concluded and even during his argument to the jury, but had decided against doing so. Judgment reversed upon the facts and new trial ordered. It was an improvident exercise of discretion to deny appellant's motion to reopen the case and to receive the proffered new evidence bearing upon the identification of appellant and Rodriquez as the perpetrators of the crimes charged. Under the circumstances here present, evidence bearing on the possible guilt or innocence of the accused should have been received. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment. Beldock, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., and Wenzel, J., dissent and vote to affirm the judg-

ment, with the following memorandum: Although the court undoubtedly had the power, in its discretion, to reopen the case to hear the additional testimony, we are unable to say that it was an abuse of discretion, under the circumstances, not to have done so.